UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSVALDO SANCHO MARTINEZ,

        Petitioner,

    v.

FLORIDA SOFT SIDE SOUTH,

        Respondents.

Case No. 2:26-cv-1453-KCD-NPM

_____/

## **ORDER**

Petitioner Osvaldo Sancho Martinez has filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 18.)[1] As best the Court can tell, he claims that his continued detention violates the Fifth Amendment. (*Id.* at 7-8.) Respondents oppose the petition. (Doc. 24.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

## **I. Background**

Martinez illegally entered the United States in 2021 and was released due to a lack of bed space. Over the years, he picked up several criminal charges. In 2025, an order of removal was entered against Martinez, but since he failed to appear before an immigration judge, ICE could not

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

immediately detain him. ICE subsequently found him and took him into custody on January 23, 2026, where he has been ever since.

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

### A. Substantive Due Process

The Fifth Amendment entitles noncitizens to due process during deportation proceedings. At the same time, however, "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). "[T]he through line of history is recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Dep't of State v. Munoz*, 602 U.S. 899, 911-12 (2024). "In the exercise of its broad power over

naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 79-80 (1976).

Because immigration detention is a civil tool rather than a criminal penalty, the constitutional line is generally drawn at punishment. *See Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981). By contrast, the Government can lawfully hold a noncitizen to ensure they are present for removal or to keep the public safe. That is simply the machinery of the immigration system doing its job. A substantive due process violation happens only when that machinery breaks down—when the detention loses its reasonable connection to effectuating a removal order and morphs into a penalty. *Cf. Lee v. Stone*, No. 2:11-CV-00014-RWS, 2011 WL 4553147, at *7 (N.D. Ga. Aug. 25, 2011). So long as the custody serves a legitimate immigration purpose rather than acting as a punitive measure, it stays on the right side of the Constitution. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 747 (1987); *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 917 (E.D. Va. 2024) ("[A]liens . . . have a substantive due process right to be free of arbitrary confinement pending deportation proceedings.").

Martinez cannot show that his current stint in custody is a punishment masquerading as immigration processing or is otherwise arbitrary. He is subject to a final removal order that stands uncontested. The INA explicitly

authorizes a return to detention to effectuate such orders. Under the rules, ICE may revoke a noncitizen's release to effectuate removal. 8 C.F.R. § 241.13(i)(2). And the government no doubt has a legitimate interest in doing exactly that—enforcing its laws, ensuring individuals do not flee, and protecting the public. *See Malam v. Adducci*, 469 F. Supp. 3d 767, 790 (E.D. Mich. 2020). Here, the Government revoked Martinez's release specifically to enforce his outstanding removal order. Returning him to custody thus serves a recognized, legitimate government objective.

Nor are we anywhere near the constitutional danger zone. ICE re-detained Martinez on January 23, 2026. He has been in custody for four months. That is a far cry from the indefinite, limbo-like detention that the Supreme Court has rejected under the Fifth Amendment. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Instead, it falls well within the six-month window the *Zadvydas* Court deemed presumptively reasonable to carry out a deportation. *Id.* at 701 (holding that executive agencies may not hold noncitizens longer than six months when removal is not foreseeable and stating, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing").

4

Rodriguez-Leon claims that his removal is not likely in the foreseeable future. (Doc. 18 at 7.) This argument fails. Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

## B. Procedural Due Process

When the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas*, it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. So until that timer goes off, *Zadvydas* itself supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard *is* due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Because Martinez's detention is barely out of the starting gate, he is not yet entitled to anything more.

5

## C. Conditions of Confinement

Finally, Martinez alleges that the conditions at the facility are inhumane. (Doc. 18 at 8.) To the extent this is an argument for habeas relief, it is summarily rejected. Challenges to conditions of confinement are not appropriately raised in the habeas context. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.").

## IV. Conclusion

Martinez has not established that his current detention is unlawful. But he may return to challenge his revocation if his continued detention becomes unconstitutionally prolonged. Accordingly, the Petition for Writ of Habeas Corpus (Doc. 18) is **DENIED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment, deny any pending motions as moot, and close this case.

**ORDERED** in Fort Myers, Florida on May 29, 2026.

Kyle C. Dudek
United States District Judge